Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>JAN PIERRE A. SANTIAGO RÍOS<br><br>Peticionario | KLCE202401364 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Sobre: Asesinato y Ley de Armas<br><br>Caso Núm.:<br>EV12022G0043<br>EOP2022G0024-25<br>ELA2022G0151-152<br>EBD2022G0111 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, Juez Marrero Guerrero y Juez Campos Pérez.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de febrero de 2025.

El 16 de diciembre de 2024 compareció ante este Foro apelativo el Sr. Jan Pierre A. Santiago Ríos (en adelante; "Santiago Ríos o Peticionario") mediante el *auto* de *certiorari* epígrafe. Nos solicita que revisemos la *Resolución* dictada el 13 de noviembre de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante; "TPI"). En la cual, declaró *No Ha Lugar* la solicitud de desestimación presentada por el peticionario.

Evaluado el recurso legal epígrafe, resolvemos **denegar** el *auto* de *certiorari* solicitado.

-I-

Surge del expediente ante nuestra consideración que, por los hechos ocurrido el **27 de febrero de 2020**, en Caguas, Puerto Rico, el Ministerio Público (en adelante: "MP") le imputó al señor Santiago Ríos varias infracciones al *Código Penal de Puerto Rico de 2012* y a

---

[1] Notificada el 14 de noviembre de 2024.

la *Ley de Armas de Puerto Rico de 2020*.[2] Celebrada la Vista Preliminar, el TPI encontró causa probable para acusar al peticionario por todos los delitos imputados, por lo que el MP sometió las debidas acusaciones el **20 de octubre de 2022**.[3]

Durante la celebración del Juicio en su fondo y habiendo desfilado casi la totalidad de la prueba, el **23 de octubre de 2024** el señor Santiago Ríos presentó una *"MOCIÓN DE DESESTIMACIÓN AL AMPARO DE LA REGLA 64 (P) DE LAS REGLAS DE PROCEDIMIENTO CRIMINAL Y EL DEBIDO PROCESO DE LEY"*.[4] En síntesis, adujo que el MP no le proveyó la prueba completa que necesitaba para demostrar que el testimonio vertido por un testigo en la Vista Preliminar no era susceptible de ser creído, y que la entrega de la prueba —*una página de las notas del Agente entrevistador*— fue de manera tardía.

Por su parte, el **4 de noviembre de 2024** el MP sometió una *"Moción en Oposición a Solicitud de Desestimación al Amparo de la Regla 64 (p) de las de Procedimiento Criminal"*.[5] En resumen, adujo que tenía las mismas notas que el peticionario, pero, una vez se percataron de la existencia de la referida página, proveyó de inmediato la página faltante. Añadió que dicha prueba no era evidencia exculpatoria o beneficiosa para la defensa.

Evaluado el asunto, el **13 de noviembre de 2024** el TPI declaró *No Ha Lugar* la solicitud del peticionario.[6] En lo pertinente, determinó que:

---

[2] Los Artículos infringidos por el Peticionario fueron los siguientes:
  - Artículos 93, 244, 249 de la Ley Núm. 146–2012, según enmendada conocida como *Código Penal de Puerto Rico" de 2012*, 33 LPRA secs. 5142, 5334 y 5339.
  - Artículos 605 y 614A de la Ley Núm. 168-2019, según enmendada, conocida como *Ley de Armas de Puerto Rico de 2020*, 25 LPRA secs. 466d y 466m.
*Véase, además,* Apéndice 3 de la *Petición de Certiorari*, págs. 21 – 29.
[3] Apéndice 4 de la *Petición de Certiorari*, págs. 30 – 39.
[4] Apéndice 2 de la *Petición de Certiorari*, págs. 10 – 20.
[5] Anejo I del *Escrito en Cumplimiento de Orden* sometido por el Procurador General de Puerto Rico en representación del MP, a las págs. 1 – 17.
[6] Notificada el 14 de noviembre de 2024.; Apéndice 1 de la *Petición de Certiorari*, págs. 1 – 9.

[e]s *menester puntualizar que posibles discrepancias entre lo declarado por la testigo en la vista preliminar y las notas del agente no tornan en exculpatoria tal prueba.*

*Luego de examinar la prueba desfilada en la vista preliminar, determinarnos que existía la probabilidad de que estuvieran presentes cada uno de los elementos de los delitos imputados y que el peticionario los cometió. Además, examinada la "relevancia y materialidad" de la prueba cuestionada por la defensa, determinamos que no existía la "probabilidad razonable" de que se alterara el resultado en la etapa de vista preliminar.*

*Concluyendo, al llevar a cabo el examen de si se cumplieron los requisitos, especialmente el de "materiality", es obligado considerar la totalidad de la prueba presentada en el juicio o en la vista preliminar, a la luz de la carga probatoria, ósea el quantum de prueba aplicable a la etapa correspondiente.*

*Parafraseando* Pueblo v. Zayas Vega, *supra, la prueba del Ministerio Fiscal en la vista preliminar del caso de autos incluyó el testimonio de un co-partícipe en los hechos delictivos y el testimonio de agente que intervino en la investigación del caso. Además, hubo prueba directa de la identificación del acusado. No se trata pues, de una situación de ausencia total de prueba. Por el contrario, la prueba presentada superó la scintilla de evidencia que se requiere en dicha etapa.*

*En ese contexto, el análisis del requisito de "materiality" en la vista preliminar se limita a examinar si es razonablemente probable que el Juez hubiera determinado no causa probable, de haber existido la prueba suprimida, bajo un quantum de probabilidad. Somos del criterio de que de la defensa haber contado con la página de las notas del agente investigador que no fue entregada, la determinación de causa probable para acusar hubiese prevalecido. En fin, dicha evidencia impugnatoria no reúne el elemento de "materiality" necesario para subvertir la determinación de causa probable para acusar.*

*Con el beneficio de haber escuchado casi la totalidad de la prueba a nivel de juicio, somos del criterio que toda vez que la defensa no satisfizo el elemento de "materiality" que exige la jurisprudencia para configurar una violación al debido proceso de ley, no procede una desestimación amparada en su reclamo. **Por lo que se declara No Ha Lugar la solicitud de la defensa bajo este fundamento.***

*Cabe mencionar que no hay alegación de mala fe o conducta impropia por parte del Ministerio Público y lo que surge del expediente es que ambas partes se dieron cuenta que su copia carecía de dicha página cuando se trajo a su atención durante el juicio y previo al contrainterrogatorio del testigo.*[7] [sic].

Inconforme, el **16 de diciembre de 2024** el señor Santiago Ríos recurre ante este Foro intermedio mediante el *auto* de *certiorari* de epígrafe. Nos señala la comisión del siguiente error:

*Erró el Tribunal de Primera Instancia de Puerto Rico, sala Superior de Caguas, al declarar No Ha Lugar la moción en solicitud de desestimación radicada por defensa concluyendo que la prueba no descubierta a la defensa no hubieses cambiado el resultado de la vista preliminar. [sic].*

---

[7] Apéndice 1 de la *Petición de Certiorari*, págs. 7 – 9.

El **17 de enero de 2025** compareció el Procurador General de Puerto Rico en representación del Ministerio Público —*Pueblo de Puerto Rico*— mediante *"Escrito en Cumplimiento de Orden"*. Con el beneficio de la comparecencia de las partes, damos por sometido el asunto.

**-II-**

El recurso de *certiorari* es un medio procesal de carácter discrecional, que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[8] Así, se entiende que la discreción es el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[9]

Por ello, el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

> (A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> (B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> (C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> (D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> (E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> (F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> (G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[10]

En ese sentido, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho*

---

[8] *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337 – 338 (2012).
[9] *García v. Asociación*, 165 DPR 311, 321 (2005).
[10] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.

*sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[11]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[12]

**-III-**

En síntesis, el señor Santiago Ríos nos plantea que el TPI incidió al denegar la solicitud de desestimación. Alega que el referido foro se equivocó al concluir que la prueba no descubierta no hubiese cambiado el resultado de la Vista Preliminar.

Sin embargo, al examinar la totalidad del expediente y la *Resolución* recurrida, esta constituye una decisión correcta y conforme las normas de derecho aplicable. Además, el peticionario no señaló prueba en el expediente tendente a demostrar que el foro primario abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Así, en el ejercicio de la sana discreción que nos permite la Regla 40 del Tribunal Apelaciones, *supra* resolvemos denegar la expedición del *certiorari* solicitado.

**-IV-**

Por lo fundamentos antes expuestos, **denegamos** el *auto* de *certiorari* epígrafe.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] *Zorniak Air Services v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[12] *SLG Zapata- Rivera v. JF Montalvo,* 189 DPR 414, 434 – 435 (2013).